IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL R. LADNER** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:07CV901 LG-JMR** |
| | § | |
| **HANCOCK COUNTY** | § | |
| **SCHOOL DISTRICT** | § | **DEFENDANT** |

<u>MEMORANDUM OPINION AND ORDER</u>

BEFORE THE COURT are the cross-motions for summary judgment filed by Plaintiff

[31] and Defendant [23, 25].  Both parties assert that they are entitled to judgment as a matter of

law as to the last remaining issue in this case: whether the Education Employment Procedures

Law of 2001, Miss. Code Ann. §§ 37-9-101, *et seq*. ("EEPL") applies to Plaintiff's head

basketball coach contract with the Defendant.  After due consideration of the arguments of

counsel and the relevant law, it is the Court's opinion that the EEPL does not apply to Plaintiff's

coaching contract.  Accordingly, the Court will grant the Motion for Summary Judgment filed by

Defendant, Hancock County School District, and deny the Plaintiff's Motion for Summary

Judgment.

DISCUSSION

Plaintiff Ladner was employed as a teacher at the Hancock County High School during

the 2006-2007 school year pursuant to a standard licensed/certified teaching contract on a form

approved by the Mississippi State Board of Education.  Ct. R. 30-2.  In addition, he executed a

separate contract for his coaching position, which was not on a form approved by the Mississippi

State Board of Education.  Ct. R. 30-3.  Instead, the coaching contract specifically stated that it

was "separate and distinct" from his teaching contract, could be terminated at any time by either

party, and "does not come within the provisions of the [EEPL], Miss Code Ann., Sections 37-9-101 through 113 (Supp. 1990)." Ct. R. 30-3.  The coaching contract was also for the 2006-2007 school year.

In accordance with the requirements of the EEPL, the School District notified Plaintiff that he would not be re-employed for the 2007-2008 school year because he did "not possess a valid teacher license for the ensuing school year." Ct. R. 26-2.  Plaintiff alleges he did not request a hearing because he knew his license would soon be renewed by the Board of Education.  He also alleges that various school officials tricked him into not requesting a hearing by "repeatedly" assuring him his teaching contract would be renewed when he finished his license certification requirements, and "it was only his basketball coaching duties which would be at issue." Pl.'s Br. 2.  Nevertheless, Plaintiff did timely complete his certification requirements, and the School District eventually renewed his teaching contract after this lawsuit was filed.  The parties agree that this portion of Plaintiff's lawsuit is now moot because of the renewal.

When the School District renewed Plaintiff's teaching contract, it did not renew the basketball coaching contract.  Apparently this was not unexpected, as the Athletic Director had already asked Plaintiff to consider resigning as basketball coach. *Id*.  Plaintiff alleges that the School District ran afoul of the EEPL by failing to provide notice of nonrenewal of the basketball coaching contract.  He brings claims of violation of his Fourteenth Amendment equal protection and substantive and procedural due process rights pursuant to 42 U.S.C. § 1983.[1]  The School District asserts that there is no constitutional violation because the express terms of the coaching

_____

[1]  Although Plaintiff invokes the equal protection clause in his complaint, there are no supporting factual allegations, and neither party addressed equal protection in their briefing.  This claim should therefore be dismissed if, and to the extent, it applies to the coaching contract.

contract relieved it from any obligation to comply with the EEPL, and furthermore, the contract was for a position not within the purview of the EEPL.

Fourteenth Amendment Due Process:

"[T]he threshold requirement of any due process claim, be it substantive or procedural, is a showing that the government deprived the plaintiff of a liberty or property interest." *Pruett v. Dumas*, 914 F. Supp. 133, 137 (N.D. Miss. 1996) (citations omitted). Absent such a showing, no right to due process can accrue. *Id.* A property interest in continued employment with Hancock County School District could only arise if Plaintiff has a legitimate claim of entitlement to his coaching job, a claim that would limit the employer's ability to refuse to renew his employment as a coach. *Id.* (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). State law determines whether such a property interest exists. *Id.* (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538-39 (1985)).

The state law at issue here is the EEPL, Mississippi Code sections 37-9-101, *et seq.* When a school district decides not to offer to renew an employee's contract for a successive year, the superintendent must give written notice to the employee on or before April 15. Miss. Code § 37-9-105. Within ten days of receiving notice, the employee may request a hearing. Miss. Code § 37-9-109. Under Mississippi case law, the school district's failure to give the required notice results in a one-year renewal or reinstatement of the contract under the same terms. *See Desoto County Sch. Bd. v. Garrett*, 508 So. 2d 1091 (Miss. 1987).

In applying the EEPL to these facts, the Court first notes that the notice given to Plaintiff was that "your Principal has not recommended you for re-employment with the Hancock County School District for the 2007-2008 school year." Ct. R. 26-2. The Court finds no requirement in

the EEPL or the case law that the School District must list each contract the District intends not

to renew.  Plaintiff was notified that he would not be re-employed with the District, which seems

sufficient to meet the legislative objectives of the EEPL in regard to both contracts.[2]   The Court

therefore cannot agree with Plaintiff's contention that he did not receive notice that his basketball

coaching contract would not be renewed.

However, even if Plaintiff did not receive notice of nonrenewal of his coaching contract,

he cannot show that notice was required.  As noted above, Plaintiff's basketball coaching

contract contained express language exempting it from the EEPL.[3]  Plaintiff argues that the

attempt to exempt it from application of the EEPL is null and void as against public policy and

because it is not on a form approved by the Mississippi State Board of Education, citing section

37-9-23.  However, the law in Mississippi does not support Plaintiff's argument.  In *Smith v.*

*Petal School District*, 956 So. 2d 273, 275 (Miss. App. 2006), the court held that a coaching rider

to a public school teacher's contract was valid, even though it was not officially approved by the

Board of Education.  The Court stated that it:

> would unduly burden school boards by forcing them to receive approval from the
> Board of Education for every minor attachment or rider to a standard employment
> contract for every teacher they hired.  Such an interpretation obviously reads more
> into the statute than the legislature intended.

---

[2]  Mississippi Code § 37-9-101 states:

It is the intent of the Legislature to establish procedures to provide for accountability in the teaching profession; to provide a mechanism for the nonrenewal of licensed education employees in a timely, cost-efficient and fair manner; to provide public school employees with notice of the reasons for not offering an employee a renewal of his contract; to provide an opportunity for the employee to present matters in extenuation or exculpation; to provide the employee with an opportunity for a hearing to enable the board to determine whether the recommendation of nonemployment is a proper employment decision and not contrary to law and to require nonrenewal decisions to be based upon valid educational reasons or noncompliance with school district personnel policies.  It is the intent of the Legislature not to establish a system of tenure.

[3]  The contract refers to the earlier version of the EEPL, the "School Employment Procedures Law."

*Id.*

Furthermore, the Mississippi Attorney General has opined on the permissibility of the

Defendant's practice of entering into separate coaching contracts.  The Attorney General not only

determined that "a coach is not required to hold a valid license . . . and, therefore, is [a] non-

instructional employee," but also that "at the discretion of the school board, the coaching duties

with compensation may be included in a contract separate from a contract for teaching duties as

has been done by the school board in the Hancock County School District."  Op. Att'y  Gen. No.

2005-0349 (2005), 2005 WL 2562771, * 1.  The Attorney General's opinion is entitled to careful

consideration and is regarded as persuasive.  *State ex rel. Holmes v. Griffin,* 667 So.2d 1319,

1326 (Miss. 1995).

Plaintiff argues that the coaching contract must be subject to the EEPL because a

Mississippi high school coach is required by the Mississippi High School Activities Association,

Inc., to have a teaching certificate.  In Plaintiff's view, the Association's rule brings Plaintiff's

coaching contract within the purview of the EEPL, despite the undisputed fact that there is no

"coaching" certificate issued by the State Board of Education.  In support of his argument,

Plaintiff cites to *Burks v. Amite County School District*, 708 So. 2d 1366 (Miss. 1998).  The

relevant portion of the opinion states:

> This Court has not addressed whether a school employee who is non-renewed in a
> position for which no certificate is required is nevertheless covered by the School
> Employment Procedures Law because the employee's other position *does* require a
> certificate.  For the law to be applicable, two conditions must be satisfied. First,
> one must be among the group sought to be protected.  Second, one must hold a
> valid certificate as a prerequisite to employment.  Burks was a librarian in the
> school district and was required to hold a valid certificate as a prerequisite to his
> employment, thus satisfying the definition of employee for his position as a
> librarian.  He did not acquire a certificate for the position of coordinator of the

federal Drug-Free Schools program, however. *Burks*, 708 So. 2d at 1369.

It appears that the court held that Burks did not satisfy the EEPL definition of employee for his

position as a coordinator of the federal Drug-Free Schools Program because he did not have a

certificate for that position.  There is no further discussion of the issue, and the court goes on to

discuss the racial discrimination component of Burks's claims.  Thus, if anything, the *Burks* case

is simply support for the general principle that only contracts for positions requiring a teaching

certificate issued by the Board of Education are subject to the provisions of the EEPL.

Reviewing all of these authorities, the Court is persuaded that Mississippi law permits

the separate coaching contract used here, which is not in the form set out in Mississippi Code

section 37-9-23 and is exempted from the EEPL.  As state law did not create any property

interest in Plaintiff's continued employment as a basketball coach, Plaintiff's due process rights

were not violated.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary

Judgment [31] filed by Plaintiff Michael R. Ladner is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motions for Summary

Judgment [23, 25] filed by Defendant Hancock County School District are **GRANTED**.

Plaintiff's claims against the Defendant are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 7th day of April, 2008.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE